UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SALVATION ARMY, *et al.*,<br><br>    Defendants. | Case No. 14-cv-01494-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING MOTION TO APPOINT COUNSEL AND DENYING MOTION FOR SERVICE**<br><br>Re: Dkt. Nos. 3, 7 |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to Title II of the American's with Disabilities Act. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

### I. STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.    LEGAL CLAIMS

Plaintiff alleges that his rights under the American's with Disabilities Act (ADA) were violated by the Salvation Army's Adult Rehabilitation Program, a Contra Costa County Superior Court judge, and his appointed attorney.  Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability"; he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages.  *See Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792 (9th Cir. 2004).  The standard for recovery of damages is deliberate indifference to plaintiff's rights under the ADA. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially

2

1   likely, and a failure to act upon that likelihood." *Id*. at 1139.  Plaintiff cannot seek damages
2   pursuant to the ADA against defendants in their individual capacities. *Vinson v. Thomas*, 288 F.3d
3   1145, 1156 (9th Cir. 2002).
4       Plaintiff seeks only money damages in this case.  He states that he entered into a plea
5   agreement in Contra Costa County and was then admitted into the Salvation Army Adult
6   Rehabilitation program.  Plaintiff states he injured his knee on November 2, 2012, and when he
7   was released from the hospital the Salvation Army denied him entry because of their failure to
8   maintain and repair the facility and they had no use for plaintiff's labor.  Plaintiff fails to
9   specifically describe how the facility was unable to accommodate him due to the physical aspects
10  of the building or what job he previously he had that he was unable to continue.  The complaint
11  will be dismissed with leave to amend to provide more information on how his rights were
12  violated.[1]  While plaintiff has set forth the basic elements of an ADA claim, he must provide
13  additional information because "a complaint must contain sufficient factual matter, accepted as
14  true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 550 U.S. at 678 (quoting
15  *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual
16  content that allows the court to draw the reasonable inference that the defendant is liable for the
17  misconduct alleged." *Id*.  Because plaintiff is only seeking money damages he must also present
18  allegations of deliberate indifference.  While the Salvation Army is an appropriate defendant, the
19  individual defendants working at the Salvation Army in their individual capacities are dismissed
20  from this action. *Vinson*, 288 F.3d at 1156.
21      At plaintiff's probation revocation hearing, the state court judge did not allow plaintiff to
22  go to an ADA accessible rehabilitation program and appears to have revoked plaintiff's probation.
23  Plaintiff alleges the judge violated his rights under the ADA.  Plaintiff also alleges his court
24  appointed attorney violated his rights under the ADA.  The judge is dismissed from this action as
25  judges are absolutely immune from civil liability for damages for acts performed in their judicial
26  capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967).  Plaintiff's court appointed attorney is

---

[1] In an amended complaint plaintiff should also indicate the location of this Salvation Army Rehabilitation Program to ensure he is bringing this action the appropriate district.

3

also dismissed as he was not acting under color of state law in performing his traditional functions as counsel to plaintiff. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Plaintiff has also requested the appointment of counsel. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex. Therefore, the motion to appoint counsel will be denied.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

2. The motion to appoint counsel (Docket No. 3) is **DENIED**.

3. The motion for service (Docket No. 7) is **DENIED**.

4. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 23, 2014

_____
JAMES DONATO
United States District Judge