UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>          Plaintiff,<br><br>     v.<br><br>THE SALVATION ARMY,<br><br>          Defendant. | Case No. 14-cv-01494-JD<br><br>**ORDER OF SERVICE** |

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to the American's with Disabilities Act. Plaintiff's complaint was dismissed with leave to amend and he has filed an amended complaint.

## DISCUSSION

### I.  STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## II.  LEGAL CLAIMS

Plaintiff alleges that his rights under the American's with Disabilities Act (ADA) were violated by the Salvation Army's Adult Rehabilitation Program. Title II of the ADA "prohibit[s] discrimination on the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability"; he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or

2

discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages. *See Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792 (9th Cir. 2004). The standard for recovery of damages is deliberate indifference to plaintiff's rights under the ADA. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id*. at 1139. Plaintiff cannot seek damages pursuant to the ADA against defendants in their individual capacities. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

Plaintiff seeks only money damages in this case. Plaintiff states that he entered into a plea agreement in Contra Costa County and was then later admitted into the Salvation Army Adult Rehabilitation program. Plaintiff states he injured his knee on November 2, 2012, and when he was released from the hospital the Salvation Army denied him reentry because of their failure to maintain and repair the facility and they had no use for plaintiff's labor. Plaintiff states that he was denied reentry into the program because there are three flights of stairs in the building that he would be unable to use due to his injured knee and he would be unable to work as part of the program. Previously he had been loading and unloading trucks at the Salvation Army.[1] Liberally construed, plaintiff's claim is sufficient to demonstrate a violation of the ADA and to serve defendant.[2]

---

[1] Based on a transcript of one of plaintiff's sentencing hearings, he had previously been in a different program and was looking into being transferred into another program when he was denied reentry into the Salvation Army. The court found that plaintiff's testimony was not credible and that he had been manipulating the court and various rehabilitation programs and therefore found him in violation of probation and imposed as prison sentence. Am. Compl. at 28-29.

[2] For purposes of screening, the Court assumes that based on the allegations in the complaint, the Salvation Army is an appropriate public entity pursuant to Title II of the ADA.

# CONCLUSION

1.    The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint with attachments and copies of this order on the following defendant: the Salvation Army at 601 Webster Street, Oakland, CA 94607, and at the Salvation Army, c/o, National Corporate Research, LTD., 523 W. 6th Street, Suite 544, Los Angeles, CA 90014.

2.    In order to expedite the resolution of this case, the Court orders as follows:

    a.    No later than sixty days from the date of service, defendant shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the court prior to the date his summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

    b.    At the time the dispositive motion is served, defendant shall also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be given at the time motion for summary judgment or motion to dismiss for nonexhaustion is filed, not earlier); *Rand* at 960 (separate paper requirement).

    c.    Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendant no later than thirty days from the date the motion was served upon him. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendant files a motion for summary judgment claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir. 2003).

    d. If defendant wishes to file a reply brief, he shall do so no later than fifteen days after the opposition is served upon him.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  3. All communications by plaintiff with the Court must be served on defendant, or defendant's counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

  4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

  5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: October 3, 2014

_____
JAMES DONATO
United States District Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>     Plaintiff,<br><br>v.<br><br>THE SALVATION ARMY,<br><br>     Defendant. | Case No.   14-cv-01494-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/3/2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins ID: V76611
CSP-Solano 19-139L California State Prison-Solano
P.O. Box 4000
Vacaville, CA 95696-4000

Dated: 10/3/2014

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO