UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE SALVATION ARMY,<br><br>    Defendant. | Case No. 14-cv-01494-JD<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 23 |

Plaintiff, a former state prisoner proceeding pro se, has brought an action pursuant to Title II of the Americans with Disabilities Act ("ADA"). Defendant has filed a motion for summary judgment. Plaintiff has filed an opposition. The motion is denied in part.

**BACKGROUND**

Plaintiff's original complaint was filed while he was incarcerated at California State Prison - Solano.[1] Liberally construing the complaint, the Court found that plaintiff was bringing a claim pursuant to Title II of the ADA against Defendant Salvation Army's Adult Rehabilitation Program, a Contra Costa County superior court judge, and plaintiff's appointed trial attorney.[2] Plaintiff only sought money damages. He contended that he was in the Salvation Army Adult Rehabilitation Program when he injured his knee and that the Salvation Army did not allow him to return to the program due to the injury. As a result, according to plaintiff, his probation was revoked and he was sent to prison. The Court dismissed the claims against the judge and the appointed attorney and dismissed the complaint with leave to amend to provide more information

---

[1] Plaintiff appears to have been released from custody several months after this motion was filed.
[2] Plaintiff stated he was bringing the action under articles one and two of the ADA. Original Complaint at 3.

1  regarding his ADA claim against the Salvation Army.

2  Plaintiff filed an amended complaint, again only seeking money damages, and stated that
3  his cause of action was pursuant to Title II of the ADA (although both complaints were filed on
4  the Court's form complaint for prisoners entitled, "Complaint Under the Civil Rights Act, 42
5  U.S.C. § 1983".) The Court found that, liberally construed, plaintiff's claim was sufficient to
6  demonstrate a violation of Title II of the ADA for purposes of screening. The Court also noted
7  that for purposes of screening and based on the allegations in the complaint, it appeared that the
8  Salvation Army was an appropriate public entity pursuant to Title II of the ADA. Defendant was
9  served and has filed this motion.

## ANALYSIS

Defendant argues in this motion for summary judgment that plaintiff has brought this action pursuant to 42 U.S.C. § 1983, but the Salvation Army is not a state agency and did not act under color of state law. Defendant also argues that plaintiff failed to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e. Defendant asserts that as part of a separate parole agreement between plaintiff and the State of California, plaintiff agreed to voluntarily participate in the Salvation Army Adult Rehabilitation Program.[3] Defendant contends that the Salvation Army was not party to this agreement and is unrelated to the State of California, the Department of Corrections, or the Parole Board. Defendant maintains that there was no color of state action or privity of contract, and that they were not state actors. Defendant also states that its services are provided free of charge.[4]

Plaintiff states in his opposition that he is proceeding under the ADA and that this action is not brought pursuant to 42 U.S.C. § 1983.[5] Because plaintiff has expressly stated that he is not proceeding under § 1983, and to the extent he has made any claims under § 1983, all those claims are dismissed from this action. However, his claim under the ADA continues and has not been

---

[3] Defendant states that plaintiff has alleged three separate personal injury claims during his time in the program and filed a civil action in the superior court.
[4] It is unclear if the Salvation Army program at issue receives any funding from the county or state for its rehabilitation services.
[5] Defendant did not file a reply addressing plaintiff's opposition.

2

addressed in Defendant's motion.  The motion for summary judgment is dismissed without prejudice and defendant may file an additional motion for summary judgment regarding the ADA claim.

Title II of the ADA "prohibit[s] discrimination on the basis of disability," *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), and provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: he is a "qualified individual with a disability;" he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).

Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive relief and damages.  *See Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792 (9th Cir. 2004).   The standard for recovery of damages is deliberate indifference to plaintiff's rights under the ADA. *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id*. at 1139.  Plaintiff cannot seek damages pursuant to the ADA against defendants in their individual capacities. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).

While defendant argues that the Salvation Army is not a state actor and that there was no color of state action on its part pursuant to § 1983, defendant has not addressed whether it is a public entity pursuant to Title II of the ADA.  Assuming arguendo that defendant is not a public

entity, plaintiff could perhaps still proceed with this case pursuant to another title of the ADA.[6] However, if plaintiff proceeded under Title III, the only remedy available to him would be injunctive relief. *See Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165, 1174 (9th Cir. 2010).

Defendant also alleged that plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996) ("PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In his complaint, plaintiff indicated that he did not exhaust his administrative remedies, and in his opposition he states that he is "suing outside the scope of the State of California and the Department of Corrections and Rehabilitation, hence, making exhaustion remedies moot." Opposition at 2-3. However, plaintiff was incarcerated when he filed the complaint and appeared to be a parolee when the underlying events occurred and when he was released. The California Department of Corrections and Rehabilitation provides that, "any inmate or *parolee* under the department's jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate or parolee can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Thus, parolees have administrative remedies available to them, and a prisoner suing under the ADA must exhaust prison administrative remedies, notwithstanding the absence of a federal administrative exhaustion requirement in those statutes. *See O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1061 (9th Cir. 2007). Yet, the PLRA only applies to actions brought "with respect to prison conditions" in a jail, prison or other correctional facility. If defendant seeks to dismiss the case for failure to exhaust it must address if the claim in the action arose with respect to prison conditions and if it occurred in a correctional facility where the claim would be subject to exhaustion.

---

[6] The ADA contains five titles: Employment (Title I), Public Services (Title II), Public Accommodations and Services Operated by Private Entities (Title III), Telecommunications (Title IV), and Miscellaneous Provisions (Title V).

4

**CONCLUSION**

1. Any claim brought pursuant to 42 U.S.C. § 1983 is dismissed from this action. The motion for summary judgment (Docket No. 23) is **DENIED** without prejudice in all other respects. Defendant may file an additional dispositive motion regarding the ADA claim within 60 days. If defendant is of the opinion that this case cannot be resolved by summary judgment, it shall so inform the Court prior to the date that the summary judgment motion is due. All other aspects of the Court's order of service (Docket No. 12) remain in effect.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br>　　　　Plaintiff,<br>　　v.<br>THE SALVATION ARMY,<br>　　　　Defendant. | Case No. 14-cv-01494-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins
2344 East 15th Street
Oakland, CA 94601

Dated: July 29, 2015

　　　　　　　　　　　　　　　　　　　Richard W. Wieking
　　　　　　　　　　　　　　　　　　　Clerk, United States District Court

　　　　　　　　　　　　　　　　　　　By: /s/ Lisa R. Clark
　　　　　　　　　　　　　　　　　　　LISA R. CLARK, Deputy Clerk to the
　　　　　　　　　　　　　　　　　　　Honorable JAMES DONATO