UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEVIN L. HOPKINS,

            Plaintiff,

    v.

THE SALVATION ARMY,

            Defendant.

Case No.  14-cv-01494-JD

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 29

      Kevin L. Hopkins, a former state prisoner proceeding pro se, has brought an action pursuant to Title II of the Americans with Disabilities Act ("ADA").  Defendant has filed a second motion for summary judgment.  Hopkins has filed a brief opposition.  The motion is granted.

## BACKGROUND

      Hopkins' original complaint was filed while he was incarcerated at California State Prison - Solano.[1]  Liberally construing the complaint, the Court found that Hopkins was bringing a claim pursuant to Title II of the ADA against Defendant Salvation Army's Adult Rehabilitation Program, a Contra Costa County superior court judge, and Hopkins' appointed trial attorney. Hopkins sought money damages only.  He contended that he injured his knee while in the Salvation Army Adult Rehabilitation Program and that the Salvation Army did not allow him to return to the program due to the injury.  As a result, according to Hopkins, his probation was revoked and he was sent to prison.  The Court dismissed the claims against the judge and the appointed attorney and dismissed the complaint against the Salvation Army with leave to amend to provide more information regarding his ADA claim.

---

[1] Plaintiff has since been released.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

Hopkins filed an amended complaint, again seeking only money damages, and stated that

2

his cause of action was pursuant to Title II of the ADA.  The Court found that, liberally construed,

3

his claim was sufficient to demonstrate a violation of Title II of the ADA for purposes of

4

screening.  The Court also noted that for purposes of screening and based on the allegations in the

5

complaint, it appeared that the Salvation Army was an appropriate public entity pursuant to Title II

6

of the ADA.

7

**DISCUSSION**

8

Title II of the ADA "prohibit[s] discrimination on the basis of disability," *Lovell v.*

9

*Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002), and provides that "no qualified individual with a

10

disability shall, by reason of such disability, be excluded from participation in or be denied the

11

benefits of the services, programs, or activities of a public entity, or be subjected to discrimination

12

by any such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within state

13

prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 213 (1998).

14

In order to state a claim that a public program or service violated Title II of the ADA, a

15

plaintiff must show: he is a "qualified individual with a disability";  he was either excluded from

16

participation in or denied the benefits of a public entity's services, programs, or activities, or was

17

otherwise discriminated against by the public entity; and such exclusion, denial of benefits, or

18

discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1264-

19

65 (9th Cir. 2004).

20

Title II provides for liability only against public entities, which it defines as: "(A) any State

21

or local government; (B) any department, agency, special purpose district, or other instrumentality

22

of a State or States or local government; and (C) the National Railroad Passenger Corporation, and

23

any commuter authority . . . ."  42 U.S.C. § 12131.

24

Plaintiff may bring a claim under Title II of the ADA against state entities for injunctive

25

relief and damages.  *See Phiffer v. Columbia River Correctional Institute*, 384 F.3d 791, 792 (9th

26

Cir. 2004).   The standard for recovery of damages is deliberate indifference to plaintiff's rights

27

under the ADA.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  "Deliberate

28

indifference requires both knowledge that a harm to a federally protected right is substantially

likely, and a failure to act upon that likelihood." *Id.* at 1139.

Defendant states that the Salvation Army is not a public entity under Title II. Defendant contends that the Salvation Army is not a state or local government or a National Passenger Corporation or other commuter authority and it is not a department, agency, or district of a state or local government. Defendant also argues that the Salvation Army is not an "other instrumentality" pursuant to the statute.

The Ninth Circuit has not ruled on the question of when a private company can be held liable under Title II when it performs contracted services for the government. *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1045 (N.D. Cal. 2012). Here, Defendant has previously stated that the Salvation Army provides free of charge drug and alcohol rehabilitation services to any individual requesting it. Docket No. 23 at 4. Defendant's services were completely unrelated to the State of California or the parole board, and there was no agreement between the Salvation Army and the state or parole board. *Id.* The Salvation Army was not involved in any agreement between Hopkins and the state or municipality. *Id.* These facts strongly indicate that the Salvation Army operated on a totally independent basis from the government.

But even if it were determined to be a government contractor, the Salvation Army is not liable. The circuits that have addressed this issue have found that Title II does not apply to government contractors. *Edison v. Douberly*, 604 F.3d 1307, 1309-10 (11th Cir. 2010) (a private prison management company was not an "instrumentality of the [state]" under Title II); *Green v. City of New York*, 465 F.3d 65, 79 (2d Cir. 2006) (a private hospital performing services through a contract with the city is not an instrumentality of the state, which is best read as referring to a creature of a state or municipality); *Phillips v. Tiona*, 508 F. App'x 737, 754 (10th Cir. 2013) (Title II does not apply to private corporations that operate prisons); *Maringo v. Warden*, 283 F. App'x 205 (5th Cir. 2008) (same).

Several district courts in the Ninth Circuit have reached this same conclusion. *Wilkins-Jones v. County of Alameda*, 859 F. Supp. 2d 1039, 1046-48 (N.D. Cal. 2012); *Martinez v. Mercy Hospital of Bakersfield*, No. 09-1994 OWW SMS, 2011 WL 444861, at *3 (E.D. Cal. Feb. 8,

2011); *Rodrigues v. Arizona Dep't of Corr.*, No. 12-8071 PCT DGC, 2012 WL 6200624, at *9-10 (D. Ariz. Dec. 12, 2012)

The Court also finds that Defendant Salvation Army is not a public entity in this case and Hopkins cannot proceed with his claim against Defendant under Title II of the ADA. To the extent Hopkins seeks to proceed under Title III, the Court already informed him that the only remedy available to him would be injunctive relief, *see Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165, 1174 (9th Cir. 2010), but he solely seeks money damages in this case. To the extent Hopkins seek to proceed under 42 U.S.C. § 1983, any such claim has already been denied. *See* Docket No. 32. For all these reasons, summary judgment is granted to Defendant.

## CONCLUSION

1. Defendants' motion for summary judgment (Docket No. 29) is **GRANTED**.

2. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated: April 12, 2016

_____

JAMES DONATO
United States District Judge

4

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF CALIFORNIA

3

KEVIN L. HOPKINS,                          Case No.  14-cv-01494-JD

Plaintiff,

v.                                          **CERTIFICATE OF SERVICE**

THE SALVATION ARMY,

Defendant.

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 12, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kevin L. Hopkins
29358 Sandburg Way
Hayward, CA 94544

Dated: April 12, 2016

Susan Y. Soong
Clerk, United States District Court

By: _Lisa R. Clark_
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO